# EXHIBIT C

| | |
|---|---|
| **From:** | Matt Scott <matt.scott@scottperezlaw.com> |
| **Sent:** | Wednesday, September 19, 2018 4:45 PM |
| **To:** | Holt, Aaron A. |
| **Cc:** | Wickliff, A. Martin |
| **Subject:** | RE: Sprague v. Kroger - Motion to Enforce Settlement and Attorneys' fees |

My client has been advised and she has informed me that she does not intend to honor the agreement but wants it set aside.

**From:** Holt, Aaron A. <AHolt@cozen.com>
**Sent:** Wednesday, September 19, 2018 2:12 PM
**To:** Matt Scott <matt.scott@scottperezlaw.com>
**Cc:** Wickliff, A. Martin <AWickliff@cozen.com>
**Subject:** Sprague v. Kroger - Motion to Enforce Settlement and Attorneys' fees

Hi Matt:

I write to confer with you as required by Local Rule 7.1 regarding Kroger's Motion to Enforce the Settlement Agreement. If we are forced to spend the time and resources filing this unnecessary Motion, Kroger will additionally seek recovery of its attorneys' fees pursuant to prior court precedent and the explicit provisions of the Release Agreement providing for recover of those fees in the event of a breach.

To date, Kroger has incurred approximately $3,024 in attorneys' fee connected with the research, drafting and preparation of this wholly unnecessary Motion. Obviously, this number will grow with the filing of a Reply and additional litigation. In short, this is the point of no return. Please advise.

2010 WL 1904561, at *2 (N.D.Tex. May 12, 2010) (Fish, J.).

C.    **Kroger Seeks Recovery of its Attorneys' Fees & Costs**

The Court has the inherent power to award attorneys' fees in connection with a motion to enforce a settlement agreement, among other sanctions. *See F.D.I.C. v. White,* 76 F. Supp. 2d 736, 739-740 (N.D. Tex. 1999). Further, Plaintiff agreed to "pay all of Kroger's costs and expenses (including reasonable attorneys' fees) related to the defense of any claims" in the event she breaches the Release (*See* Exhibit A at ¶ 6(B)). The time and expense incurred in connection with the preparation and drafting of this Motion is unnecessary and regrettable. However, Plaintiff's conduct has left Kroger no choice but to seek recovery of its attorneys' fees and costs.

**WHEREFORE,** Defendant Kroger respectfully requests the Court enforce the agreement to settle and/or Release entered by the Parties September 10, 2018, dismiss Plaintiff's pending court claims with prejudice, while ordering distribution of settlement funds currently held in trust by Plaintiff's attorney, grant Kroger its attorneys' fees and costs for having to file this Motion and enforce the contractual settlement agreement which Plaintiff has now breached; and grant Kroger any such other and further relief as the Court deems just and proper.



**Aaron Holt**
**Associate Attorney | Cozen O'Connor**
LyondellBasell Tower, 1221 McKinney Suite 2900 | Houston, TX 77010
P: 832-214-3961 F: 713-512-5224
Email | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*