IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERESA SPRAGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00874-O |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued an Order setting an evidentiary hearing for the limited purpose of receiving evidence from Ms. Beth Krulger. *See* Nov. 28, 2018 Order, ECF No. 44. The Magistrate Judge ordered the parties to arrange for Ms. Krugler to testify live at the hearing, either by agreement or by subpoena, or offer her testimony through a deposition. *See id*. at 2. Ms. Krugler was served with a subpoena on December 7, 2018 and she subsequently filed an objection. *See* ECF No. 49.

The Court conducts a de novo review of the Nov. 28, 2018 Order to which Ms. Krugler objected. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a). In her objection, Ms. Krugler argues that the Magistrate Judge's Order is erroneous, relying on the following:

> Texas Civil Practices & Remedies Code §154.073(b) states in pertinent part, " …the third party facilitating the [alternative dispute resolution] procedure may not be required to testify in any proceedings relating to or arising out of the matter in dispute or be subject to process requiring disclosure of confidential information or data relating to or arising out of the matter in dispute." *Smith v. Smith*, 154 F.R.D. 661 (N.D. Tex. 1994) (Mediator was subpoenaed to testify in a federal lawsuit concerning allegations of fraud in connection with the mediated settlement of a state court lawsuit. Even though parties waived

1

confidentiality and requested that the mediator testify, court held that mediator could not be compelled to testify pursuant to Texas ADR statute). *See* ECF No. 49.

The Court finds Ms. Krugler's objection unpersuasive. The court in *Smith* did not recognize a mediator privilege in federal courts. 154 F.R.D at 675. (the "privilege should neither be adopted nor rejected in a case such as the present one that does not squarely present the issue."). In *Smith*, which involved a state court sponsored mediation, the court did not need to decide whether there is a federal mediator privilege in that case because the defendants "assumed the applicability of the Texas ADR Act and Dallas District Court Mediation Rules." *Id*. at 670.

This case involves both state law and federal disability discrimination law claims. *See* Am. Compl., ECF No. 1. As such, the enforcement of the settlement agreement in this case is governed by federal law. *See Mid-South Towing Co. v. Har-Win, Inc*., 733 F.2d 386, 389 (5th Cir. 1984) ("[q]uestions regarding the enforceability or validity of such agreements are determined by federal law -- at least where the substantive rights and liabilities of the parties derive from federal law."). Additionally, federal law governs the law of privilege here. *See Smith*, 154 F.R.D. at 671.

Federal Rule of Evidence 501 in relevant part states, "the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." FED. R. EVID. 501. Under the Federal Rules of Evidence and the common law, there is no "mediator privilege." *Smith*, 154 F.R.D. at 675.

"When a litigant seeks to assert a privilege not recognized in the common law, the court must test it by balancing the policies behind the privilege against those favoring disclosure." *Smith*, 154 F.R.D. at 675. Here, the Court finds that while the mediator privilege is important to preserve impartiality, "there are legitimate countervailing interests to be accounted for in formulating a

privilege that is invocable by a mediator, not the least of which is the venerable 'right to every man's evidence.'" *Id*. at 671. "To accept as a given that the process of private party mediation should take place in confidence is not of itself sufficient to excuse a mediator from an obligation of disclosure upon the request of a disputant." *Smith*, 154 F.R.D. at 673. As other courts have noted, "'confidential' does not necessarily mean 'privileged.'" *FDIC v. White*, 76 F. Supp. 2d 736, 738 (N.D. Tex. 1999).

The Defendants in this case argue that the "Plaintiff cannot testify about *her version* of conversations with Ms. Krugler while simultaneously invoking confidentiality to prevent the only other party to the conversation from testifying." Defs.' Mot. 8, ECF No. 42. Defendants analogize this to waiver in the attorney-client setting, contending that when a party uses confidential information against his adversary, he cannot assert the privilege. *See Willy v. Admin. Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005) ("when a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege."). Assuming that there is a mediator privilege in this case, Plaintiff has used confidential information against the Defendants and waived the privilege. Additionally, the disclosure of privileged information waives "all communications that pertain to the same subject matter." *Summit 6 LLC v. Research in Motion Corp.*, Civil Action No. 3:11-cv-367-O, 2013 U.S. Dist. LEXIS 95164, at *41 (N.D. Tex. June 26, 2013) (J. O'Connor) (quotations omitted). Therefore, the Court finds that to the extent the mediator privilege applies in this case, Plaintiff has placed her testimony at issue and waived the privilege. Accordingly, Ms. Krugler can be compelled to testify.

Therefore, the Magistrate Judge's Nov. 28, 2018 Order (ECF No. 44) should be and is hereby **AFFIRMED** and Ms. Krugler's objection is **OVERRULED**.

**SO ORDERED** on this **15th** day of **December, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**